**UNITED STATES of America,**
**Appellee,**

v.

**Marquis WILCHER, Defendant–**
**Appellant.**

**Docket No. 02–1360.**

United States Court of Appeals,
Second Circuit.

March 7, 2003.

Bret Puscheck, Assistant U.S. Attorney, Western District of New York (Michael A. Battle, U.S. Attorney, Stephan J. Baczynski, Assistant U.S. Attorney, on the brief), Buffalo, NY, for Appellee.

Jillian S. Harrington, Rochman Platzer Fallick & Sternheim, LLP (Barry M. Fallick, on the brief), New York, NY, for Defendant–Appellant.

Present: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DE- CREED that the judgment of the District Court is hereby **AFFIRMED.**

Defendant–Appellant Marquis Wilcher appeals from a judgment of conviction entered in the United States District Court for the Western District of New York (David G. Larimer, *Chief Judge*). On March 6, 2002, a jury convicted Wilcher of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The only eye-witness connecting Wilcher to the gun in question was Wilcher's former girlfriend, Sabrina Hampton, who so testified at trial.

On appeal, Wilcher's sole contention is that Hampton was a "scorned woman" and thus an incredible witness as a matter of law. Although Wilcher acknowledges that this court defers to the jury's determination as to witness credibility, *see, e.g., United States v. Griffith,* 284 F.3d 338, 348 (2d Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 461, 154 L.Ed.2d 352 (2002), he urges us to follow our apparent dicta in *United States v. Shulman,* 624 F.2d 384, 388 (2d Cir.1980), in which we suggested that "theoretically the testimony of a witness might be so incredible that no reasonable juror could believe him." We decline to do so because we do not think the jury acted unreasonably in crediting Hampton.

The judgment of the District Court is hereby **AFFIRMED.**